IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| SUA INSURANCE COMPANY, a Delaware corporation, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) Civil Action No.: 1:10 CV 558 LG-RH |
| WILFRED BURAS d/b/a WILFRED BURAS CONSTRUCTION, AMERICAN QUALITY BUILDERS, INC., JEREMY BURAS, STEPHEN BURAS, JAMES N. WATTS, SR., BARBARA WATTS d/b/a AMOUR DANZAR, and CANAL INSURANCE COMPANY, | ) ) ) ) ) ) ) ) |
| Defendants. | ) ) ) |

SOUTHERN DISTRICT OF MISSISSIPPI
F I L E D

DEC 07 2010

J. T. NOBLIN, CLERK
BY_____ DEPUTY

## **COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff, SUA Insurance Company ("SUA"), by and through its counsel of record, and for its Complaint for Declaratory Judgment against Defendants Wilfred Buras d/b/a Wilfred Buras Construction ("Wilfred Buras"), American Quality Builders, Inc., Jeremy Buras, Stephen Buras, James N. Watts, Sr., Barbara Watts d/b/a Amour Danzar, and Canal Insurance Company, alleges, states and avers as follows:

### Parties, Jurisdiction and Venue

1.      Jurisdiction in this matter is based upon diversity of citizenship pursuant to 28 U.S.C. § 1332(a)(1).

2.      Plaintiff, SUA Insurance Company, is incorporated under the laws of the State of Delaware with its principal place of business in the State of Illinois.

3.      Defendant, Wilfred Buras is a citizen of the State of Mississippi.

4/228360.1

4. Defendant, American Quality Builders, Inc. is incorporated under the laws of the State of Mississippi with its principal place of business in the State of Mississippi.

5. Defendant, Jeremy Buras is a citizen of the State of Mississippi.

6. Defendant, Stephen Buras is a citizen of the State of Mississippi.

7. Defendant, James Watts, Sr. is a citizen of the State of Mississippi.

8. Defendant, Barbara Watts d/b/a Amour Danzar is a citizen of the State of Mississippi. James Watts and Barbara Watts d/b/a Amour Danzar are sometimes hereinafter referred to as the "underlying plaintiffs."

9. Defendant, Canal Insurance Company is incorporated under the laws of the State of South Carolina with its principal place of business in the State of South Carolina.

10. SUA brings this action to obtain a declaratory judgment finding that SUA has no duty to defend and no duty to indemnify any of the persons or firms identified as underlying plaintiffs and/or sued as defendants in an Amended Complaint filed in the Circuit Court of Harrison County, Mississippi under the caption *James N. Watts, Sr. and Barbara Watts d/b/a Amour Danzar v. American Quality Builders, Inc., Wilfred Buras, Jeremy Buras and Stephen Buras,* Cause No. A2401-08-67 ("Watts Amended Complaint"). A copy of the Watts Amended Complaint is attached hereto and incorporated herein as Exhibit A.

11. Diversity jurisdiction exists because: (a) there is complete diversity of citizenship between Plaintiff, SUA, on the one hand, and the Defendants, on the other hand; and (b) the amount in controversy, excluding interest and costs, substantially exceeds $75,000. The Watts Amended Complaint seeks damages against the persons and firms sued as defendants, including, but not limited to, Wilfred Buras, for sums in excess of $380,000.

4/228360.1

12.     Venue is appropriate under 28 U.S.C. § 1391 because the subject insurance contract was issued to Wilfred Buras Construction in Mississippi and Defendant Wilfred Buras is located in Mississippi.

### The Watts Amended Complaint

13.     The original Watts Complaint was filed on or about January 28, 2008.  The Watts Amended Complaint was filed on or about August 2009, and alleges the following:

a.     On August 22, 2006, underlying plaintiffs [James N. Watts, Sr. and Barbara Watts d/b/a Amour Danzar] entered into a contract with American Quality Builders ("AQBI") to have a combination residential/commercial structure built at 9355 County Farm Road, Gulfport, Mississippi.

b.     That Wilfred Buras and Jeremy Buras represented that AQBI was a licensed and bonded company doing business in the State of Mississippi.  Defendants stated in the contract that all work was to be completed according to the Building Code in place in Harrison County, Mississippi.  The house was to be completed on or about April, 2007.

c.     Between August 24, 2006 and May 16, 2007, defendants demanded advances in violation of express terms of the contract.   Under duress, underlying plaintiffs released funds in the amount of approximately Three Hundred Twenty Thousand and Ten Dollars ($320,010.00).  During this period, defendants engaged in a systematic and concerted effort to deny underlying plaintiffs with quality construction. Further, defendants engaged in efforts to fraudulently procure advances and draws with no intention to complete construction.

3

4/228360.1

d.      On February 22, 2007, after receiving a second draw paid under duress by the underlying plaintiffs, defendants abandoned the project causing mold to develop and warping the framing among other damage to the property.  Underlying plaintiffs incurred additional damages to mitigate additional damages to their homes.

e.      On or about August 14, 2007, the Harrison County Code Administration inspected the home citing at least 15 building, electric and plumbing code violations. Defendants demanded additional draws regardless of these violations, the facts that they were not completing the work as scheduled and had abandoned the work.

f.      Further delays ensued when defendants willfully refused to comply with the contract regarding the use of wood beams for the framing.

g.      On or about August 28, 2007, James Watts was injured due to defendants' refusal to keep the work area free of debris as required by contract.

h.      On or about April 28, 2007, Barbara Watts was injured due to defendants' refusal to keep the work area free of debris as required by contract.

i.      Defendants admitted they were behind schedule for the third draw. Nevertheless, they demanded release of the funds or they would "make sure [underlying plaintiffs] would never live in the house."

j.      Underlying plaintiffs fired AQBI for breach of contract on November 13, 2007.  AQBI was fired for, but not limited to, gross and willful breach of contract, discrepancies in money draws, inability to meet goals, substandard work quality, unprofessional behavior and other "nefarious fraudulent activities."

k.      On or about December 4, 2007, defendants filed a lien in the amount of One Hundred Eighty-Two Thousand One Hundred Fifty One Dollars and Eighteen Cents ($182,151.18) on the County Farm Road property.

l.      Despite underlying plaintiffs' requests, defendants have refused to release the lien, and filed a second lien on June 20, 2008 for One Hundred Ninety Two Thousand Two Hundred One Dollars and Eighty-Eight Cents ($192,201.88).

14.      The Amended Complaint asserts claims for (or described as) Expungement of Wrongful Lien, Penalty for Wrongful Filing of Lien, Slander of Title, Personal Injury, Breach of Contract and Negligence, Declaration of Contract as Null and Void, Fraud, Conversion, Civil Conspiracy, Preliminary Injunction, and seeks declaratory and injunctive relief and pecuniary, compensatory, consequential, punitive, damages and reasonably attorneys fees.

## Late Notice

15.      Based upon information and belief, the underlying plaintiffs fired Wilfred Buras in November 2007 for alleged (a) gross and willful breach of contract, (b) discrepancies in money draws, (c) inability to meet goals, (d) substandard work quality, (e) unprofessional behavior and (f) other "nefarious fraudulent activities."

16.      Underlying plaintiffs subsequently filed suit against Wilfred Buras in Harrison County, Mississippi Circuit Court on or about January 28, 2008; and the Watts Amended Complaint was filed on or about August 2009.

17.      SUA was not notified of either the Watts Original Complaint or the Watts Amended Complaint until November 2, 2010.  Prior to November 2010, SUA had not received notice from any source of any occurrence, claim, or suit, including, but not limited to, the Watts

4/228360.1

Original Complaint and the Watts Amended Complaint and/or the events alleged and the work

described in the Watts Original Complaint or the Watts Amended Complaint.

### SUA Insurance Policy

18.    Based upon representations made in the application for insurance, SUA issued a

claims-made policy under policy number 10AUIAG-100974-GL01 to "Wilfred Buras

Construction" as an individual (the "SUA Policy"), for the period March 3, 2007 to March 3,

2008. A true and accurate copy of the SUA Policy is attached hereto and incorporated herein as

Exhibit B.

19.    The SUA Policy provides Commercial General Liability coverage subject to

limits of $1,000,000 per occurrence and in the aggregate.

20.    The SUA Policy provides, in relevant part, the following Insuring Agreement:

### SECTION I – COVERAGES

### COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY

**1.    Insuring Agreement**

    **a.**    We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.

    **b.**    This insurance applies to "bodily injury" and "property damage" only if:

        **(1)**    The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

        **(2)**    The "bodily injury" or "property damage" did not occur before the Retroactive Date, if any, shown in the Declarations or after the end of the policy period; and

        **(3)**    A claim for damages because of the "bodily injury" or "property damage" is first made against any insured, in accordance with Paragraph **c.** below, during the policy

period or any Extended Reporting Period we provide under Section **V** – Extended Reporting Periods.

    **c.**    A claim by a person or organization seeking damages will be deemed to have been made at the earlier of the following times:

        **(1)**    When notice of such claim is received and recorded by any insured or by us, whichever comes first...

* * * * * * * * *

21.    The SUA Policy further contains the following pertinent exclusions:

**2.**    **Exclusions**

This insurance does not apply to:

**a.**    **Expected Or Intended Injury**

"Bodily injury" or "property damage" expected or intended from the standpoint of the insured. . . . .

**b.**    **Contractual Liability**

"Bodily injury" or "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement. This exclusion does not apply to liability for damages:

    (1)    That the insured would have in the absence of the contract or agreement; or

    (2)    Assumed in a contract or agreement that is an "insured contract", provided the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement. Solely for the purposes of liability assumed in an "insured contract", reasonable attorney fees and necessary litigation expenses incurred by or for a party other than an insured are deemed to be damages because of "bodily injury" or "property damage", provided:

        (a)    Liability to such party for, or for the cost of, that party's defense has also been assumed in the same "insured contract"; and

        (b)    Such attorney fees and litigation expenses are for defense of that party against a civil or alternative dispute resolution proceeding in which damages to which this insurance applies are alleged.

* * *

**j.**    **Damage to Property**

4/228360.1

"Property damage" to:

\* \* \*

(5)     That particular part of real property on which you or any contractors or subcontractors working directly or indirectly on your behalf are performing operations, if the "property damages" arises out of those operations; or

(6)     That particular part of any property that must be restored, repaired, or replaced because "your work" was incorrectly performed on it.

\* \* \*

**k.     Damage To Your Product**

"Property damage" to "your product" arising out of it or any part of it.

**l.      Damage To Your Work**

"Property damage" to "your work" arising out of it or any part of it and included in the "products-completed operations hazard".

This exclusion does not apply if the damaged work or the work out of which the damage arises was performed on your behalf by a subcontractor.

**m.    Damage to Impaired Property or Property Not Physically Injured**

"Property damage" to "impaired property" or property that has not been physically injured, arising out of:

(1)     A defect, deficiency, inadequacy or dangerous condition in "your product" or "your work"; or

(2)     A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms....

\* \* \* \* \* \* \* \* \* \*

22.     The SUA Policy provides, in relevant part, the following Insuring Agreement:

**COVERAGE B PERSONAL AND ADVERTISING INJURY LIABILITY**

**1.      Insuring Agreement**

a.   We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies.  We will have the right and duty to defend the insured against any "suit" seeking those  damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "personal and advertising injury" to which this insurance does not apply.

b.   This insurance applies to "personal and advertising injury" caused by an offense arising out of your business, but only if:

(1)   The offense was committed in the "coverage territory";

(2)   The offense was not committed before the Retroactive Date, if any, shown in the Declarations or after the end of the policy period; and

(3)   A claim for damages because of the "personal and advertising injury" is first made against any insured, in accordance with Paragraph **c.** below, during the policy period or any Extended Reporting Period we provide under Section **V** – Extended Reporting Periods.

c.   A claim made by a person or organization seeking damages will be deemed to have been made at the earlier of the following times:

(1)   When notice of such claim is received and recorded by any insured or by us, whichever comes first....

* * * * * * * * * *

23.   The SUA Policy further contains the following pertinent exclusions:

**2.   Exclusions**

This insurance does not apply to:

**a.   Knowing Violation Of Rights Of Another**

"Personal and advertising injury" caused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict "personal and advertising injury".

**b.   Material Published With Knowledge Of Falsity**

"Personal and advertising injury" arising out of oral or written publication of material, if done by or at the direction of the insured with knowledge of its falsity.

**e.   Contractual Liability**

"Personal and advertising injury" for which the Insured has assumed liability in a contract or agreement.  This exclusion does

9

not apply to liability for damages that the insured would have in the absence of the contract or agreement.

**f.      Breach Of Contract**

"Personal and advertising injury" arising out of a breach of contract . . . . .

**g.      Quality Or Performance Of Goods – Failure To Conform To Statements**

"Personal and advertising injury" arising out of the failure of goods, products or services to conform with any statement of quality or performance made in your "advertisement".

24.      The SUA Policy limits coverage to the following Insureds, as set forth, in relevant part, in Section II:

**SECTION II – WHO IS AN INSURED**

1.      If you are designated in the Declarations as:
   a.      An individual, you and your spouse are insureds, but only with respect to the conduct of a business of which you are the sole owner....
                                    * * *

25.      The SUA Policy is also subject to the following Conditions in Section IV:

**SECTION IV – COMMERCIAL GENERAL LIABILITY CONDITIONS**
                                    * * *

2.      **Duties in the Event of Occurrence, Offense, Claim or Suit**
   a.      You must see to it that we are notified as soon as practicable of an "occurrence" or offense which may result in a claim.  To the extent possible, notice should include:
      (1)      How, when and where the "occurrence" or offense took place;
      (2)      The names and addresses of any injured persons and witnesses; and
      (3)      The nature and location of any injury or damage arising out of the "occurrence" or offense.
   Notice of an "occurrence" or offense is not notice of a claim.
   b.      If a claim is received by any insured, you must:
      (1)      Immediately record the specifics of the claim and the date received; and
      (2)      Notify us as soon as practicable.
   You must see to it that we receive written notice of the claim as soon as practicable.

    c.     You and any other involved insured must:

        (1)    Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or a "suit";

        (2)    Authorize us to obtain records and other information;

        (3)    Cooperate with us in the investigation or settlement of the claim or defense against the "suit"…

    d.     No insured will, except at the insured's own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without our consent.

* * *

**4.**    **Other Insurance**

If other valid and collectible insurance is available to the insured for a loss we cover under Coverages **A** or **B** of this Coverage Part, our obligations are limited as follows:

* * *

    b.     Excess Insurance

This insurance is excess over:

        (1)    Any of the other insurance, whether primary, excess, contingent or on any other basis:

            (a)    That is effective prior to the beginning of the policy period shown in the Declarations of this insurance and applies to "bodily injury" or "property damage" on other than a claims-made basis, if:

                (i)    No Retroactive Date is shown in the Declarations of this insurance…

* * *

**6.**    **Representations**

By accepting this policy, you agree:

    a.  The statements in the Declarations are accurate and complete;

    b.  Those statements are based upon representations you made to us; and

    c.  We have issued this policy in reliance upon your representations.

* * * * * * * * * *

26.    Additionally, the SUA Policy contains the following relevant definitions in

Section VI:

**SECTION VI -- DEFINITIONS**

**3.**    "Bodily Injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

* * *

**8.**    "Impaired Property" means tangible property, other than "your product" or "your work" that cannot be used or is less useful because:

11

      a.     It incorporates "your product" or "your work" that is known or thought to be defective, deficient, inadequate or dangerous; or,

      b.     You have failed to fulfill the terms of a contract or agreement;

if such property can be restored to use by:

      a.     The repair, replacement, adjustment or removal of "your product" or "your work"; or

      b.     Your fulfilling the terms of the contract or agreement.

* * *

**13.**    "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

* * *

**17.**    "Property damage" means:

      a.     Physical injury to tangible property, including all resulting loss of use of that property.  All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or,

      b.     Loss of use of tangible property that is not physically injured.  All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it….

* * *

**21.**    "Your product":

      a.     Means:

              1)     Any goods or products, other than real property, manufactured, sold, handled, distributed or disposed of by:

                  a)     You;

                  b)     Others trading under your name; or

                  c)     A person or organization whose business or assets you have acquired; and;

              2)     Containers (other than vehicles), materials, parts or equipment furnished in connection with such goods or products.

      b.     Includes:

              1)     Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your product"; and

              2)     The providing of or failure to provide warnings or instructions.

**22.**    "Your work":

      A.     Means:

              1)     Work or operations performed by you or on your behalf; and

              2)     Materials parts or equipment furnished in connection with such work or operations.

      B.     Includes:

              1)     Warranties or representations made at any time with respect

to the fitness, quality, durability, performance or use of "your work", and

2)   The providing of or failure to provide warnings or instructions.

\* \* \* \* \* \* \* \* \* \*

27.   The SUA Policy is subject to the following relevant endorsements:

**Endorsement CG 21 67 12 04 Exclusion – Fungi or Bacteria Exclusion**
This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

**A.**  The following exclusion is added to Paragraph 2. – Exclusions of Section I – Coverage A – Bodily Injury and Property Damage Liability

**2.  Exclusions**
This insurance does not apply to:

**Fungi or Bacteria**
a.  "Bodily injury" or "property damage" which would not have occurred, in whole or in part, but for the actual, alleged or threatened inhalation of, ingestion of, contact with, exposure to, existence of, or presence of, any "fungi" or bacteria on or within a building or structure, including its contents, regardless of whether any other cause, event, material or product contributed concurrently or in any sequence to such injury or damage.
b.  Any loss, cost or expenses arising out of the abating, testing for, monitoring, cleaning up, removing, containing, treating, detoxifying, neutralizing, remediating or disposing of, or in any way responding to, or assessing the effects of, "fungi" or bacteria, by any insured or by any other person or entity.

This exclusion does not apply to any "fungi" or bacteria that are, are on, or are contained in, a good or product intended for bodily consumption.
\* \* \*

**C.**  The following definition is added to the **Definitions** section

"Fungi" means any type or form of fungus, including mold or mildew and any mycotoxins, spores, scents or byproducts produced or released by fungi.

\* \* \* \* \* \* \* \* \* \*

**Endorsement CG 22 79 07 98:  Exclusion – Contractors – Professional Liability**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

1. This insurance does not apply to "bodily injury", "property damage" or "personal and advertising injury" arising out of or failure to render any professional services by you or on your behalf, but only with respect to either or both of the following operations:

   a. Providing engineering, architectural or surveying services to other in your capacity as an engineer, architect or surveyor; and
   b. Providing, or hiring independent professionals to provide engineering, architectural or surveying services in connection with construction work you perform....

* * *

**Endorsement SUA 3040 (10/05):   Exclusion – Punitive or Exemplary Damages**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE FORM

This insurance does not apply to:

**Punitive or Exemplary Damages**

Any sums that the insured becomes legally obligated to pay for punitive, exemplary or multiple damages.

* * * * * * * * * *

**Endorsement SUA 3005 (10/05):  Exclusion – Intentional Injury**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE FORM

**Exclusion a. Expected or Intended Injury under SECTION I – COVERAGES, COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY, is deleted and replaced with the following:**

2. **Exclusions**
   This insurance does not apply to:

   **a. Intentional Injury**

i.    **Expected or Intended Injury**

"Bodily injury" or "property damage" expected or intended from the standpoint of the insured.

ii.   **Assault and Battery**

"Bodily injury" or "property damage" arising out of:

(A)    Assault;
(B)    Battery;
(C)    Harmful or offensive contact between or among two or more persons;
(D)    Apprehension of harmful or offensive contact between or among two persons;
(E)    Threat by word or deed.

These exclusions apply regardless of:

i.    Whether or not the acts are alleged to be at the direction of the insured,
ii.   Whether or not the acts arose out of the alleged failure of any insured in the hiring or supervision of any person, or
iii.  Whether or not the acts arose out of the alleged failure of any insured to prevent or suppress such acts.

**Endorsement SUA 3025 (10/05):  Exclusion – Formaldehyde**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE FORM

**The following is added to SECTION I – COVERAGES, paragraph 2. Exclusions of COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY…:**

This insurance does not apply to:

Formaldehyde

(1)    "Bodily injury," "property damage," or "personal and advertising injury" arising out of the actual, alleged or threatened exposure at any time to formaldehyde, whether the formaldehyde is in pure form or is or was combined with any other chemical product or material, and whether the existence of or exposure to formaldehyde has caused, or contributed to cause, damage in any sequence or combination.

(2)     Any damages, loss, cost or expense that may be awarded or incurred by reason of a claim or "suit" for any such injury or damage. This includes any injury or damage caused or alleged to have been caused by the removal, eradication, detoxification, remediation or decontamination of formaldehyde or property containing formaldehyde and includes any liability, cost or expense to remediate or prevent "bodily injury," "property damage," or "personal and advertising injury" from formaldehyde.

This exclusion shall apply without regard to the allegations or basis of the insured's liability.

Notwithstanding the provisions of the policy regarding the obligation to defend you, where a "Suit" is based in whole or in part upon "bodily injury," "property damage," or "personal and advertising injury", liability for which coverage is excluded by this endorsement; we shall have the right, but not the obligation, to defend said "suit." If we exercise the right to defend said suit we shall have the obligation to pay for the defense, but if we do not exercise the right to defend, we shall have no obligation to pay for the defense.

### Canal Insurance Company

28.     Upon information and belief, Canal Insurance Company issued a primary general liability insurance policy to, or for the benefit of, Wilfred Buras, and potentially others, and that said policy obligates Canal Insurance Company to defend and indemnify Wilfred Buras and potentially others on a primary basis as regards the Watts Amended Complaint.

### Grounds for Declaratory Judgment

### Count I - Against All Defendants except Canal Insurance Company

29.     Wilfred Buras does not qualify as an Insured or as a Named Insured under the SUA Policy because the Watts Amended Complaint does not involve his conduct as Wifred Buras Construction. For the same reasons, Stephen Buras and Jeremy Buras, nowhere identified on the SUA Policy, do not qualify as Named Insureds or Insureds under the SUA Policy. American Quality Builders, Inc. is nowhere identified on the SUA Policy and, upon information and belief, Wilfred Buras Construction did not have sole ownership of American Quality

16

Builders, Inc. and American Quality Builders, Inc. is not a Named Insured or Insured under the SUA Policy. Therefore, SUA does not owe any duty to defend or indemnify Wilfred Buras, Stephen Buras, Jeremy Buras, or American Quality Builders, Inc. as regards the Watts Amended Complaint.

30.     Alternatively and independently, SUA does not owe any duty to defend or indemnify Wilfred Buras, Stephen Buras, Jeremy Buras, or American Quality Builders, Inc. as regards the Watts Amended Complaint, based on breach of and/or failure to provide timely notice of an occurrence, claim, or suit under the SUA Policy. This failure to provide timely notice unduly prejudiced SUA.

31.     Alternatively and independently, SUA does not owe any duty to defend or indemnify Wilfred Buras, Stephen Buras, Jeremy Buras, or American Quality Builders, Inc. as regards the Watts Amended Complaint, because claims for breach of contract are not covered under the SUA Policy and/or are excluded from coverage by virtue of Exclusion b. of the SUA Policy.

32.     Alternatively and independently, SUA does not owe any duty to defend or indemnify Wilfred Buras, Stephen Buras, Jeremy Buras, or American Quality Builders, Inc. as regards the Watts Amended Complaint, because claims for Expungement of Wrongful Lien, Penalty for Wrongful Filing of Lien, Slander of Title, Declaration of Contract as Null and Void, Fraud, Conversion, Civil Conspiracy, Preliminary Injunction do not constitute an "occurrence," "bodily injury" or "property damage" as required by the SUA Policy, and further are excluded from coverage under the Intentional Injury Exclusion Endorsement.

33.     Alternatively and independently, SUA does not owe any duty to defend or indemnify Wilfred Buras, Stephen Buras, Jeremy Buras, or American Quality Builders, Inc. as

4/228360.1

regards the Watts Amended Complaint, because the claims therein do not constitute an "occurrence" or "property damage" under the SUA Policy.

34.     Alternatively and independently, SUA does not owe any duty to defend or indemnify Wilfred Buras, Stephen Buras, Jeremy Buras, or American Quality Builders, Inc. as regards the Watts Amended Complaint, by virtue of the SUA Policy Exclusions j.(5), j.(6), k., l., and/or m. under the SUA Policy.

35.     Alternatively and independently, SUA does not owe any duty to defend or indemnify Wilfred Buras, Stephen Buras, Jeremy Buras, or American Quality Builders, Inc. as regards the Watts Amended Complaint, based on Section I(2)(a) and the Intentional Injury Exclusion Endorsement for "bodily injury" or "property damage" expected or intended from the standpoint of any insured and/or to the extent any insured had notice of his deficient work while on the job and continued working on the construction project.

36.     Alternatively and independently, SUA does not owe any duty to defend or indemnify Wilfred Buras, Stephen Buras, Jeremy Buras, or American Quality Builders, Inc. as regards the Watts Amended Complaint, by virtue of Endorsement CG 22 79 07 98 for "property damage" arising out of the rendering of or failure to render professional services relating to engineering, architectural and/or surveying.

37.     Alternatively and independently, SUA does not owe any duty to defend or indemnify Wilfred Buras, Stephen Buras, Jeremy Buras, or American Quality Builders, Inc. as regards the Watts Amended Complaint, by virtue of Endorsement 21 67 12 04  for "bodily injury" or "property damage" which would not have occurred, in whole or in part, but for the actual, alleged or threatened inhalation of, ingestion of, contact with, exposure to, existence of, or presence of, any "fungi" or bacteria on or within a building or structure.

38.     Alternatively and independently, SUA does not owe any duty to defend or indemnify Wilfred Buras, Stephen Buras, Jeremy Buras, or American Quality Builders, Inc. as regards the Watts Amended Complaint, because of any insured's voluntarily payment, assumption of an obligation, or incurring expense, without SUA's consent.

39.     Alternatively and independently, SUA does not owe any duty to defend or indemnify Wilfred Buras, Stephen Buras, Jeremy Buras, or American Quality Builders, Inc. as regards the Watts Amended Complaint, as to any punitive or exemplary damages based on the applicable Exclusion Endorsement to the SUA Policy.

40.     Alternatively and independently, SUA does not owe any duty to defend or indemnify Wilfred Buras, Stephen Buras, Jeremy Buras, or American Quality Builders, Inc. as regards the Watts Amended Complaint, because of the Formaldehyde Exclusion Endorsement.

41.     Alternatively and independently, SUA does not owe any duty to defend or indemnify Wilfred Buras, Stephen Buras, Jeremy Buras, or American Quality Builders, Inc. as regards the Watts Amended Complaint, because, even if SUA had any duty to defend or indemnify Wilfred Buras, Stephen Buras, Jeremy Buras, or American Quality Builders, Inc., which SUA denies, the "other insurance" condition found at Section IV(4) of the SUA Policy makes SUA's obligations limited to providing excess coverage to any other valid and collectible insurance.

42.     Alternatively and independently, SUA does not owe any duty to defend or indemnify Wilfred Buras, Stephen Buras, Jeremy Buras, or American Quality Builders, Inc. as regards the Watts Amended Complaint, because the Watts Amended Complaint does not allege any applicable personal and advertising injury under the SUA Policy and/or personal and advertising injury is excluded by various exclusions under the SUA Policy.

4/228360.1

43.     An actual controversy exists between SUA, on the one hand, and all of the Defendants, on the other hand, and by the terms and provisions of Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. §§ 2201 and 2202, this Court is invested with the power to declare the rights and liabilities of the parties hereto and to give such relief as it deems necessary under the facts and circumstances.

WHEREFORE, Plaintiff, SUA Insurance Company prays:

A.     That this Court determine, declare and adjudicate the rights and liabilities of the parties hereto with respect to the SUA Policy;

B.     That this Court find and declare that the SUA Policy does not provide a duty to defend or indemnify any portion of the claims stated in the Watts Amended Complaint;

C.     That this Court find and declare that SUA has no duty to defend or indemnify any of the Defendants in connection with the Watts Amended Complaint;

D.     That the Defendants take nothing from SUA; and

E.     That this Court grant such other and further relief as it deems proper under the circumstances.

### Count II – Against Canal Insurance Company

44.     The Plaintiff, SUA, repeats and realleges paragraphs 1 through 43 as and for this paragraph 44 as though fully set forth herein.

45.     Pleading in the alternative, assuming *arguendo* that this Court were to find that SUA owes any duty to defend or indemnify, if any, upon information and belief, the other insurance provisions of the Canal Insurance Company policy as compared with the SUA Policy result in the Canal Insurance Company policy applying as primary as and for the Watts Amended Complaint and the SUA Policy applying as excess. Consequently, the Canal Insurance Company

4/228360.1

policy is primary for the defense and indemnity of the Watts Amended Complaint, and the SUA Policy only applies, if at all, after the Canal Insurance Company policy is exhausted properly and completely.

46. An actual controversy exists between SUA, on the one hand, and all of the Defendants, on the other hand, and by the terms and provisions of Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. §§ 2201 and 2202, this Court is invested with the power to declare the rights and liabilities of the parties hereto and to give such relief as it deems necessary under the facts and circumstances.

WHEREFORE, Plaintiff, SUA Insurance Company prays:

A. That this Court determine, declare and adjudicate the rights and liabilities of the parties hereto with respect to the SUA Policy;

B. That this Court find and declare that the SUA Policy does not provide a duty to defend or indemnify any portion of the claims stated in the Watts Amended Complaint;

C. That this Court find and declare that SUA has no duty to defend or indemnify any of the Defendants in connection with the Watts Amended Complaint;

D. That this Court find and declare that the Canal Insurance Company policy applies as primary for the Watts Amended Complaint and the SUA Policy is excess;

E. That the Defendants take nothing from SUA; and

F. That this Court grant such other and further relief as it deems proper under the circumstances.

4/228360.1

Respectfully submitted,

SUA INSURANCE COMPANY

Kathleen Shields O'Beirne (102574)
David W. Clark (6112)
*Attorneys for Plaintiff SUA Insurance Company*

BRADLEY ARANT BOULT CUMMINGS LLP
Suite 400, One Jackson Place
188 East Capitol Street
Post Office Box 1789
Jackson, MS  39215-1789
Telephone:  (601) 948-8000
Facsimile:  (601) 948-3000

4/228360.1